UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**                  U.S. Post Office & Courthouse Bldg.
**United States Magistrate Judge**           Federal Square, Newark, NJ  07101
                                             (973) 645-6596

May 26, 2005

**REPORT & RECOMMENDATION**

Asa Ranando King
I.D. No. 62324/797628A
(ACSU)
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

Nicole Schreiner Morris
Deputy Attorney General
N.J. Department of Law and Public Safety
Richard J. Hughes Justice Complex
25 Market Street
Trenton, New Jersey 08625

      RE:   **King v. Moore, et al.**
            **Civil No. 03-3691 (KSH)**

To All Parties:

    This matter having come before the Court as a result of its Order directing the plaintiff to show cause why his case should not be dismissed for failing to submit a written narrative statement of facts, a witness list and exhibit list.  For the reasons set forth herein, the Undersigned recommends that the United States District Judge dismiss the Complaint.

    On August 5, 2003, the plaintiff submitted his complaint, alleging violations of his civil rights.  By way of Opinion and Order dated March 3, 2004, the United States District Judge dismissed certain portions of the complaint and permitted the plaintiff to proceed in forma pauperis with respect to the allegations that he was (1) deprived of daily showers; (2) forced to sleep on a steel bed without a mattress; (3) deprived of food and a special diet for no reason; (4) had restricted telephone use; (5) subjected to repetitive searches for the purpose of harassment; (6) denied correspondence; and (7) denied recreation.

    By way of letter-order dated July 14, 2004, the Court advised the parties that it was

prepared to enter a Scheduling Order and directed the parties to provide information regarding the length of discovery, the need to amend pleadings, and motion practice. The plaintiff did not respond to this letter. Nonetheless, by way of Order dated September 7, 2004, the Court set a schedule for pretrial proceedings. The Order required that discovery be completed by December 30, 2004 and that:

> On or before **March 1, 2005**, the plaintiff shall submit a narrative written statement of the facts that will be offered by oral or documentary evidence at trial, a list of all exhibits to be offered into evidence at trial, and a list of the names and addresses of all witnesses plaintiff intends to call at trial, together with a summary of their anticipated testimony. The plaintiff shall submit an original and one copy of the above to the undersigned and shall serve a copy on counsel for all other parties and any pro se litigant and shall submit a certificate of service reciting the date of service and the parties on which it was served.

Id. at ¶ 5. The Order also set a deadline of March 24, 2005 for the defendants' pretrial submission. As set forth below, these deadlines were extended. See Order, dated December 17, 2004, at ¶¶ 6-7.

On August 16, 2004, the defendants filed a motion to take the plaintiff's deposition. The motion was granted on September 13, 2004. On October 17, 2004, the defendants filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 37 because the plaintiff would not participate in his deposition. On November 10, 2004, the Court denied the motion to dismiss without prejudice but reminded the plaintiff of his obligations to participate in discovery and to comply with the orders and rules of the Court. The plaintiff was also advised that if he failed to appear at his deposition, seek a protective order or file appropriate objections, then his case would be dismissed. In response to plaintiff's willingness to participate in a deposition, by way of Order dated November 22, 2004, the Court ordered that the plaintiff's deposition be completed no later than December 30, 2004.

At the request of the defendants, the Court entered an order that extended the deadline for completing discovery until January 31, 2005 and required the plaintiff to submit his written narrative statement, exhibit list, and witness list no later than April 1, 2005 and required the defendants to submit their written narrative statement, exhibit list, and witness list no later than April 15, 2005.

On February 25, 2005, the defendants filed another motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 37, this time because the plaintiff did not respond to Requests for Admissions under Fed. R. Civ. P. 36. This motion was denied on March 15, 2005 because Rule 37 does not provide a basis for dismissing a complaint simply because a party failed to respond to Requests for Admissions.

On March 18, 2005, the defendants again filed a motion to dismiss the Complaint

pursuant to Fed. R. Civ. P. 37, this time because the plaintiff failed to respond to discovery served upon him. In support of their motion, the defendants produced letters seeking the discovery and explained that they would seek dismissal if he failed to respond. Although the Court denied the motion without prejudice, the Court reviewed the procedural history of the case and the apparent failure of the plaintiff to respond to discovery and ordered that "plaintiff shall respond or object to the document demands served upon him no later than **April 15, 2005.**" See Order, dated April 5, 2005. The Order further provided:

> that if plaintiff fails to respond or object to the document demands by April 15, 2005, then the defendants shall submit a letter to the Court requesting that it issue an Order to Show Cause why sanctions should not be imposed. If the plaintiff fails to show cause why sanctions should not be imposed, the Undersigned may recommend to the United States District Judge that the case be dismissed.

Id. at 3. The plaintiff and defendants did not respond to this Order.

Under the terms of the present Scheduling Order, no later than April 1, 2005, the plaintiff was to have submitted his written narrative statement, witness list, and exhibit list. The defendants were to submit similar materials by April 15, 2005. No party submitted these materials to the Court. As a result, by way of Order dated April 28, 2005, the Court directed that:

> no later than **May 17, 2005**, the plaintiff shall provide a written explanation setting forth the reasons why sanctions should not be imposed for his failure to comply with Paragraph 5 of the Order dated September 7, 2004;

Id. at 2. Paragraph 5 of the September 7, 2004 Order required the submission of his written narrative statement, witness list, and exhibit list. The Order specifically advised the plaintiff that:

> if the plaintiff fails to submit a written explanation by **May 17, 2005**, then the Court may impose sanctions, including recommending dismissal of the complaint, granting leave to file a motion for summary judgment and barring the plaintiff from introducing evidence in opposition thereto, or imposing whatever other sanction it deems appropriate.

Id. The Court received no response to this Order.

For the reasons set forth below, the Undersigned recommends that the United States District Judge dismiss the Complaint.

### **DISCUSSION**

The Federal Rules of Civil Procedure and the Court's Orders required parties to

participate in the pretrial process.  Under the Rules and pursuant to the Court's inherent power, a court may sanction a party for failing to respond to discovery.  See Fed. R. Civ. P. 37; see also Local Civ. R. 16, 26, and 37.  The Court of Appeals for the Third Circuit has explicitly recognized that "[c]ourts have inherent equitable powers to dismiss actions or enter default judgements for failure to prosecute, contempt of [C]ourt or abusive litigation practices." Lightning Lube, Inc. v. Witco, Corp., 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors that must be considered to determine whether the sanction of dismissal is appropriate.  The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, and (6) the meritoriousness of the claim or defense.[1]  Id. at 868.  While not all of these factors are applicable in this case, consideration of those which do apply provide a framework for determining whether or not dismissal is appropriate.

As more fully set forth herein, the record in this case demonstrates noncompliance with discovery that is the fault of the plaintiff himself.  Here, it appears that the plaintiff has abandoned his suit against the defendants.  He failed to comply with discovery demands that the defendants have made upon him and has not responded to Court orders.  While the Court recognizes that the plaintiff is a pro se litigant, the plaintiff is still responsible for his inaction, especially since the Court gave him notice that continued noncompliance would result in dismissal.

The prejudice to the defendants is clear.  The defendants are unable to determine and defend against the plaintiff's claims.  Moreover, he has not identified the facts he plans to prove, the witnesses he intends to call or the exhibits he intends to offer.  In short, his nonresponsiveness has hampered the defendants' ability to defend themselves.  As to dilatoriness, despite the Scheduling Order detailing the discovery process and months to respond to written discovery and orders reminding him of his obligations to respond to discovery and to produce a written narrative statement, the plaintiff has not produced same. Given the notices provided to him and his nonresponsiveness, the Court is left to conclude that plaintiff's conduct is willful.  The plaintiff's continued failure to respond to discovery requests, as well as his failure to act on this Court's warning to him, signal to this Court that the plaintiff does not intend to litigate his claim against the defendants.

Finally, no sanction other than dismissal is appropriate.  The plaintiff has taken virtually no steps to pursue this action and the Court has warned the plaintiff of the serious consequences of further noncompliance.  Alternative sanctions are  inappropriate here because the Court has already warned the plaintiff of the consequences of failing to cooperate with discovery or

---

[1] I make the finding set forth herein without making any determination regarding whether or not the claim has merit.

noncompliance with the Court's orders.  The Court finds no reason to allow this litigation to languish in light of the plaintiff's continued disregard for the Court's orders.

Consideration of the Poulis factors leads this Court to conclude that the extreme sanction of dismissal is warranted.  While dismissal is a drastic sanction, plaintiff has an obligation to diligently prosecute his claims and there is no indication that he intends to do so.  Dismissal in this case is therefore appropriate.[1]

## RECOMMENDATION

For the reasons set forth above, it is recommended that the District Judge dismiss the Complaint.  The parties have ten (10) days from receipt of this Recommendation to file and serve objections.

Respectfully submitted,

S/Patty Shwartz
**United States Magistrate Judge**