UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASA RANANDO KING, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 03-3691 (KSH) |
| | : | |
| v. | : | |
| | : | **ORDER** |
| TERRY MOORE, et al., | : | |
| | : | |
| Defendants. | : | |

**KATHARINE S. HAYDEN, U.S.D.J.**

Currently before the Court is Magistrate Judge Shwartz's Report and Recommendation (R&R) recommending that *pro se* plaintiff Asa Ranando King's civil rights Complaint be dismissed for his failure to comply with court orders and his failure to submit a written narrative statement of facts, a witness list and exhibit list. For the following reasons, the Court adopts the R&R, and plaintiff's Complaint is dismissed.

**I.   BACKGROUND**

The background of this case is set forth at length in the R&R and need not be repeated here. It suffices to note that the R&R documents plaintiff's repeated noncompliance with discovery demands despite Judge Shwartz's warning that plaintiff's continued failure to comply with discovery requests and her orders could result in dismissal of the case.

On or about June 6, 2005, a return receipt was filed indicating that the R& R was successfully delivered to plaintiff on June 2, 2005. Plaintiff has filed no opposition.

**II.   DISCUSSION**

The Federal Rules of Civil Procedure provide that if a party fails to obey a scheduling or pretrial order, the court may impose such sanctions against that party "as are just." Fed. R. Civ. P. 16(f). Among them is dismissal of the action. Id.; Fed. R. Civ. P. 37(b)(2)(C).

To be sure, dismissal is an extreme sanction. The Third Circuit has articulated several factors to assist district courts in determining whether dismissal is an appropriate exercise of discretion, including: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there is a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) whether alternative sanctions would be effective; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).[1] While findings should be made as to each of the Poulis factors, it is not necessary that all of the factors support imposition of dismissal or default judgment. Hoxworth v. Blinder, Robison & Co., 980 F.2d 912, 919 (3d Cir. 1992).

An application of the Poulis factors, which are thoroughly analyzed in the R&R, convinces the Court that dismissal of this Complaint is warranted. Copies of the orders that were mailed to plaintiff were not returned as undeliverable. As a consequence, the Court must conclude that plaintiff was aware of his obligation to submit a written narrative statement of facts, a witness list and exhibit list. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999) (absent evidence to the contrary, it is presumed that a party received correspondence three days after it was mailed). Plaintiff's failure to comply with his obligations and his failure otherwise to contact the Court or his adversary support a finding that his

---

[1] The Third Circuit generally applies the Poulis analysis in reviewing all sanction orders that deprive a party of the right to proceed with a claim. Comdyne I, Inc. V. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990).

noncompliance was wilful. Inasmuch as he is not represented by counsel, plaintiff's actions are his fault alone. The prejudice to defendants resulting from plaintiff's actions is clear. They have been forestalled from defending themselves in this lawsuit, and have been subjected to an inordinate delay.

Finally, the Court is convinced that alternative sanctions would be ineffective. Judge Shwartz has already given plaintiff an opportunity to demonstrate why sanctions should not be imposed for his failure to comply with court orders. Notwithstanding Judge Shwartz's warning that his case might be dismissed, plaintiff disregarded the orders entirely, and the Court sees no reason why this case should linger on the docket.

### III.  CONCLUSION

For the foregoing reasons, the Court adopts Judge Shwartz's R&R, and plaintiff's Complaint is **dismissed**.

**SO ORDERED** this 28th day of July, 2005.

s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.